**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1 – PATRICK MCNULTY,
D-2 – JOSEPH GASTORF,

      Defendants.

_____/

Case: 2:26−cr−20507
Assigned To : Berg, Terrence G.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 8/3/2026
Description: INFO USA V MCNULTYEY AL
(MRS)

Violation: 18 U.S.C. § 1349

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE
**18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud**

D-1 PATRICK MCNULTY
D-2 JOSEPH GASTORF

1.     Beginning at least as early as April 2020, and continuing through at least May 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendants, Patrick McNulty and Joseph Gastorf, did knowingly, intentionally, and voluntarily combine, conspire, confederate, and agree to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343, that is, to knowingly, and with the intent to defraud, devise and intend to devise a scheme

and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, for the purposes of executing such scheme and artifice.

## Object of the Conspiracy

2.     The purpose of the conspiracy was for the conspirators to obtain money and enrich themselves by, among other things, inducing financial institutions, the Small Business Administration (SBA), and other third-party lenders, through materially false and fraudulent representations and pretenses, to issue improper Paycheck Protection Program ("PPP") loans and Economic Injury Disaster Loans (EIDLs) and then divert those loan proceeds to impermissible uses.

## Manner and Means of the Conspiracy

3.     In furtherance of this conspiracy, and to accomplish its object, the conspirators:

    a. Made misrepresentations regarding purported payroll expenditures by various business entities;

    b. Made misrepresentations regarding the purported number of employees of various business entities;

c. Made misrepresentations regarding the purported owner of various business entities;

d. Made misrepresentations regarding the purported nature of business activity for various business entities;

e. Made misrepresentations regarding the purported purpose of PPP loan and EIDL requests for various business entities;

f. Made false certifications indicating that PPP loan and EIDL proceeds would only be used for permissible business-related purposes;

g. Made false certifications indicating that various non-operational business entities were operational and that those entities paid employee salaries;

h. Made false certifications indicating that they had not and would not receive another PPP loan;

i. Created fictitious tax records and submitted them to financial institutions, the SBA, and other third-party lenders in support of loan applications; and

j. Created fictitious bank records and submitted them to financial institutions, the SBA, and other third-party lenders in support of loan applications.

4. In furtherance of the conspiracy, the conspirators caused interstate wire transfers to be made, including interstate wire transfers of PPP loan and EIDL assistance funds.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATIONS**

5. The above allegations contained in this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

6. Upon conviction of the offense charged in Count One of this Information, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, the defendant shall forfeit to the United States any property which constitutes or is derived from proceeds obtained directly or indirectly as the result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

7. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property that cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461, to seek to forfeit any other property of the defendant up to the value of the forfeitable property described above.

8.     Money Judgment: Upon conviction of violating Title 18, United States Code, Section 1349, the United States will seek a forfeiture money judgment against the defendant in an amount equal to the total amount of proceeds the defendant obtained as a result of such violation.

JEROME F. GORGON JR.
United States Attorney


s/John K. Neal
JOHN K. NEAL
Chief, Anti-Corruption Unit
Assistant United States Attorney


s/Corinne M. Lambert
CORINNE M. LAMBERT
Special Assistant U.S. Attorney


s/Ryan A. Particka
RYAN A. PARTICKA
Assistant United States Attorney


Dated:  August 3, 2026

| United States District Court<br>**Eastern District of Michigan** | **Criminal Case Cover Sheet** | **Case Number**<br>2:26−cr−20507 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** |
| ☐ **Yes**          ☒ **No** | **AUSA's Initials:**  C.M.L. |

**Case Title:** USA v.  Patrick McNulty et al.

**County where offense occurred :**  Oakland

**Check One:**     ☒ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

_____Indictment/__✓__Information ---  **no** prior complaint.
_____Indictment/_____Information ---  based upon prior complaint [**Case number:**                              ]
_____Indictment/_____Information ---  based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____          **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 3, 2026
Date

*s/ Corinne M. Lambert*
Corinne M. Lambert
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9129
Fax:   (313) 226-2873
E-Mail address: Corinne.Lambert@usdoj.gov
Attorney Bar #:  P74285

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.